REQUEST FOR INTERPRETATION OF PROCEDURE

BY ELECTRONIC MAIL ONLY

September 20, 2021

To:   RMA Deputy Administrator for Research and Development
Risk Management Agency
U.S. Department of Agriculture
Stop Code 0801
6501 Beacon Drive
Kansas City, MO 64133-4676
subpartx@usda.gov

In accordance with 7 C.F.R. part 400 subpart X ("Subpart X") and section 20(a)(1) and (b)(4) of the Common Crop Insurance Policy, OSO Sweet Farms, LLC ("OSO") and NAU Country Insurance Company ("NAU") (together "the Parties") jointly request that the Federal Crop Insurance Corporation/Risk Management Agency (together "FCIC") issue an Interpretation of Policy ("IoP") for section 1302A of the Crop Insurance Handbook. The requested interpretation will be used in an arbitration captioned *OSO Sweet Farms LLC v. NAU Country Insurance Company*, which is being administered in accordance with Bulletin No.: MGR-12-003.1. In accordance with Subpart X, the Parties provide the following in support of this request:

1.   **Representative of OSO**

   David A. Burt
   Hawkins, Hawkins & Burt, LLP
   501 South Ridgewood Avenue
   Daytona Beach, FL 32114-4929
   (386) 252-4499
   davidburt@hawkinsandburt.com

   **Representatives of NAU**

   Daniel N. Rosenstein
   Levin & Rosenstein, P.C.
   9210 Corporate Boulevard
   Suite 335
   Rockville, MD 20850
   (301) 208-1795
   dan@levinrosenstein.com

2.   **Summary of Policy Information**

   Crop: Onions
   Plan of Insurance: APH

      State: Georgia
      County: Tattnall
      Insured: OSO Sweet Farms, LLC
      Insurance Provider:  NAU Country Insurance Company
      Policy Number:  942-9005775

3. **Applicable Crop Year**

      Crop Year:  2020

4. **Citation of CIH For Which An IoP Is Requested**

      1302. Acceptable Production Report

      A. Acceptability

      Production reports must meet all of the following to be acceptable.

      (1) Include all acreage and production (insured and uninsurable/uninsured) by P/T/TMA as identified on the actuarial documents from the insured's operation for each APH crop year being reported.

          For CCIP policies, this includes prior year units not contained in the insured's operation for the current crop year. See Part 17 Section 3 and Part 18 for additional reporting requirements for P/T/TMA.

                        *     *     *

      (2) Conform at least to the unit structure (EU, BU, and/or OU) that applies for the current crop year in which the insured had an interest in the crop for each APH crop year production reports are certified for those currently insured under a CCIP policy.

                        *     *     *

      (3) Report all APH crop years continuously when multiple years of production history are certified; there cannot be a break in continuity of production history. See Para. 1306 and Para. 1307 for additional procedure related to continuity of production reports.

                        *     *     *

      (4) Be supported by acceptable production evidence. See Part 14 for production evidence requirements. The insured must maintain and provide upon request acceptable production evidence for each crop year by unit, when units are applicable, for each P/T/TMA. In accordance with section (3)(g) of the BP, the

2

insured must accurately report all information that is used to determine approved yield and the insured must certify to the accuracy of the information on their production report. The approved yield is determined by the APH database which is established according to the unit arrangement selected by the crop/P/T/TMA and other authorized APH database situations contained in Para. 1505.

*   *   *

(5) Be signed by the insured.

(6) Be submitted by the insured to the AIP by the PRD.

5. **Policyholder Interpretation of the CIH**

The Policyholder does not believe an interpretation of Section 1302A of the Crop Insurance Handbook is necessary because the requirements for an acceptable production report listed in Section 1302A are *factual issues* not subject to interpretation.

Section 1302 is simply a recitation of the definitions and requirements contained in Sections the Basic Provisions (and specifically BR-20) which are contained in 7 CFR §457.8. Consequently, §457.8 takes priority over any procedures or additional requirements contained in the Crop Insurance Handbook or in the Documents and Supplemental Standards Handbook (DSSH).

The definition of a "production report" contained in Section 1 of the Basic Provisions reads as follows:

> **"Production report** – A written record showing your annual production and used by us to determine your yield for insurance purposes in accordance with section 3. The report contains yield information for previous years, including planted acres and production. This report must be supported by written verifiable records from a warehouseman or buyer of the insured crop, by measurement of farm-stored production, or by other records of production approved by us on an individual case basis in accordance with FCIC approved yields."

Sections 3(f) and 3(g) of the Basic Provisions read, in pertinent part, as follows:

> "(f) You must report all production of the crop (insured and uninsured) to us for the previous crop year by the earlier of the acreage reporting date or 45 days after the cancellation date . . .

> "(3) Production and acreage for the prior crop year must be reported for each proposed optional unit by the production reporting date . . .

3

"(g) It is your responsibility to accurately report all information that is used to determine your approved yield.

"(1) You must certify to accuracy of this information on your production report"

. . .

The Basic Provisions *do not state* that the information required for an acceptable production report needs to be on a particular form, needs to be contained in a single document or needs to be provided all at the same time.

The only requirements for an acceptable production report are stated in the Basic Provisions. Whether the requirements have been met by the policyholder are factual issues.

**Company Interpretation of the CIH**

First, to be acceptable, a Production Report must satisfy all conditions set forth in section 1302.A(1) – (6). If the submission of production fails to meet any of the criteria in section 1302.A, then the Production Report is unacceptable.

Second, while section 1302.A of the CIH provides the information that must be contained in an acceptable production report, this section must be read in the context of other RMA procedures governing Production Reports. More specifically, to be acceptable, a Production Report must also conform to the guidelines set forth in the Documents and Supplemental Standards Handbook ("DSSH"), including, but not limited to, sections 302 and 306 and Exhibit 2 of the DSSH. Hence, the submission of production records, even if signed by the policyholder as required by section 1302.A(5) of the CIH, does not constitute an acceptable Production Report if the report does not also conform to the requirements of the DSSH and include the "Substantive" standards required by the DSSH.

Do not hesitate to contact the undersigned counsel if you need additional information. We appreciate FCIC's cooperation in this matter.

Respectfully submitted,

/s/ **David A. Burt**  
David A. Burt  
Counsel for OSO Sweet Farms, LLC

/s/ **Daniel N. Rosenstein**  
Daniel N. Rosenstein  
Counsel for NAU Country Insurance Company