

**United States Department of Agriculture**

Farm Production and Conservation

Risk Management Agency

Beacon Facility
Mail Stop 0801
P.O. Box 419205
Kansas City, MO  64141-6205

December 13, 2021

Representatives for Policyholder:
    David A. Burt
    Hawkins, Hawkins & Burt, LLP
    501 South Ridgewood Avenue
    Daytona Beach, FL 32114-4929
    (386) 252-4499
    davidburt@hawkinsandburt.com

Representatives for Company:
    Daniel N. Rosenstein
    Levin & Rosenstein, P.C.
    9210 Corporate Boulevard
    Suite 335
    Rockville, MD 20850
    (301) 208-1795
    dan@levinrosenstein.com

**Subject:**  Request for Federal Crop Insurance Corporation (FCIC) Interpretation

**Crop Year:**  2020
**Crop:**  Onions
**Plan of Insurance:**  APH
**Requested Interpretation:**  Paragraph 1302 of the Crop Insurance Handbook (CIH)

Dear Mr. Burt and Mr. Rosenstein:

Thank you for your September 20, 2021, letter requesting an interpretation of 2020 CIH paragraph 1302 concerning acceptable production reports.

Please refer to the attached enclosure for FCIC's interpretation.

Sincerely,

RICHARD FLOURNOY
Digitally signed by RICHARD FLOURNOY
Date: 2021.12.13 11:10:31 -06'00'

Richard H. Flournoy
Deputy Administrator
Product Management

USDA is an Equal Opportunity Provider, Employer, and Lender

Enclosure Page 2
FCIC Interpretation

**Federal Crop Insurance Corporation Interpretation**

**Subject:** A joint request dated September 20, 2021, submitted to the Risk Management Agency (RMA) for a FCIC interpretation of paragraph 1302 of the 2020 CIH.

**Reference:**

The relevant handbook procedure is CIH paragraph 1302:

**A. Acceptability**

Production reports must meet all of the following to be acceptable.

(1) Include all acreage and production (insured and uninsurable/uninsured) by P/T/TMA as identified on the actuarial documents from the insured's operation for each APH crop year being reported.

For CCIP policies, this includes prior year units not contained in the insured's operation for the current crop year. See Part 17 Section 3 and Part 18 for additional reporting requirements for P/T/TMA.

*****

(2) Conform at least to the unit structure (EU, BU, and/or OU) that applies for the current crop year in which the insured had an interest in the crop for each APH crop year production reports are certified for those currently insured under a CCIP policy.

*****

(3) Report all APH crop years continuously when multiple years of production history are certified; there cannot be a break in continuity of production history. See Para. 1306 or additional procedure related to continuity of production reports.

*****

(4) Be supported by acceptable production evidence. See Part 14 for production evidence requirements. The insured must maintain and provide upon request acceptable production evidence for each crop year by unit, when units are applicable, for each P/T/TMA. In accordance with section (3)(g) of the BP, the insured must accurately report all information that is used to determine approved yield and the insured must certify to the accuracy of the information on their production report. The approved yield is determined by the APH database which is established according to the unit arrangement selected by the crop/P/T/TMA and other authorized APH database situations contained in Para. 1505.

*****

(5) Be signed by the insured.

Enclosure  Page 3
FCIC Interpretation

(6) Be submitted by the insured to the AIP by the PRD.

**Interpretation Submitted**

First Requestor's Interpretation:
The first requestor states that CIH paragraph 1302 is simply a recitation of the definitions and requirements contained in sections of the Common Crop Insurance Policy, Basic Provisions CCIP (and specifically BR-20) which are contained in 7 CFR §457.8. Consequently, §457.8 takes priority over any procedures or additional requirements contained in the CIH or in the Documents and Supplemental Standards Handbook (DSSH).

The first requestor states the definition of a "production report" contained in Section 1 of the Basic Provisions reads as follows:

> **"Production report** – A written record showing your annual production and used by us to determine your yield for insurance purposes in accordance with section 3. The report contains yield information for previous years, including planted acres and production. This report must be supported by written verifiable records from a warehouseman or buyer of the insured crop, by measurement of farm-stored production, or by other records of production approved by us on an individual case basis in accordance with FCIC approved yields."

The first requestor also states Sections 3(f) and 3(g) of the Basic Provisions read, in pertinent part, as follows:

> "(3)(f) You must report all production of the crop (insured and uninsured) to us for the previous crop year by the earlier of the acreage reporting date or 45 days after the cancellation date . . .
> (3) Production and acreage for the prior crop year must be reported for each proposed optional unit by the production reporting date . . .
> (g) It is your responsibility to accurately report all information that is used to determine your approved yield.
> (1) You must certify to accuracy of this information on your production report."

The first requestor maintains that the Basic Provisions *do not state* that the information required for an acceptable production report needs to be on a particular form, needs to be contained in a single document or needs to be provided all at the same time. The first requestor continues that the only requirements for an acceptable production report are stated in the Basic Provisions. Whether the requirements have been met by the policyholder are factual issues.

Second Requestor's Interpretation:

The second requestor states that first, to be acceptable, a production report must satisfy all conditions set forth in paragraph 1302A(1) – (6) of the Crop Insurance Handbook (CIH). If the submission of production fails to meet any of the criteria in paragraph 1302A, then the production report is unacceptable. Second, while paragraph 1302A of the CIH provides the information that must be contained in an acceptable production report, this section must be read in the context of other RMA procedures governing production reports. More specifically, to be acceptable, a production report must also conform to the guidelines set forth in the DSSH,

Enclosure Page 4
FCIC Interpretation

including, but not limited to, paragraphs 302 and 306 and exhibit 2 of the DSSH. The second requestor asserts that hence, the submission of production records, even if signed by the policyholder as required by paragraph 1302A(5) of the CIH, does not constitute an acceptable production report if the report does not also conform to the requirements of the DSSH and include the "Substantive" standards required by the DSSH.

**Federal Crop Insurance Corporation Interpretation**

FCIC disagrees with the first requestor's interpretation that 1302A is a "recitation" of the definitions and requirements of the Basic Provisions. The FCIC-18010 CIH is to be used in the administration of crop insurance policies as provided in the Basic Provisions Preamble:

> "We will use the procedures (handbooks, manuals, memoranda and bulletins), as issued by FCIC and published on RMA's website at http://www.rma.usda.gov/ or a successor website, in the administration of this policy, including the adjustment of any loss or claim submitted hereunder."

FCIC agrees with the second requestor's interpretation that a production report must satisfy all of the conditions listed in CIH paragraph 1302A (1)-(6) to be an acceptable production report and that if it fails to meet any of those conditions, the production report is not acceptable.

FCIC also agrees with the second requestor that production reports must conform to the guidelines contained in the FCIC-24040 DSSH, including but not limited to paragraphs 302 and 306 and exhibit 2, and these standards require that all items identified as "Substantive" are required to be included on the form.

In accordance with section 20(a)(1)(i) of the Basic Provisions, this FCIC interpretation is binding in any mediation or arbitration. In accordance with section 20(a)(1)(iv), any appeal of this interpretation must be in accordance with 7 C.F.R. part 11.