**LEVIN & ROSENSTEIN, P.C.**
Suite 335
9210 Corporate Boulevard
Rockville, MD 20850
Telephone (301) 208-1795
Facsimile (301) 208-1855

**REQUEST FOR FINAL AGENCY DETERMINATION**

<u>BY ELECTRONIC MAIL ONLY</u>

June 6, 2022

To:    RMA Deputy Administrator for Research and Development
Risk Management Agency
U.S. Department of Agriculture
Stop Code 0801
6501 Beacon Drive
Kansas City, MO 64133-4676
subpartx@rma.usda.gov

In accordance with 7 C.F.R. part 400 subpart X ("Subpart X"), NAU Country Insurance Company requests that the Federal Crop Insurance Corporation ("FCIC") issue a Final Agency Determination as required by section 20(a)(1) of the Common Crop Insurance Policy ("Basic Provisions"). The requested interpretation will be used in an arbitration captioned *OSO Sweet Farms LLC v. NAU Country Insurance Company*, which is being administered in accordance with Bulletin No.: MGR-12-003.1. NAU provides the following information in support of its request:

1. **<u>Representative of Policyholder</u>**

    David A. Burt
    Hawkins, Hawkins & Burt, LLP
    501 South Ridgewood Avenue
    Daytona Beach, FL 32114-4929
    Telephone: (386) 252-4499
    davidburt@hawkinsandburt.com

    **<u>Representatives of Company</u>**

    Daniel N. Rosenstein
    Levin & Rosenstein, P.C.
    9210 Corporate Boulevard
    Suite 335
    Rockville, MD 20850
    Telephone: (301) 208-1795
    dan@levinrosenstein.com

2. **Summary of Policy Information**

   Plan of Insurance: Actual Production History
   State: Georgia
   County: Tattnall
   Insured: OSO Sweet Farms, LLC
   Insurance Provider: NAU Country Insurance Company
   Policy Number: 942-9005775

3. **Applicable Crop Year**

   Crop Year: 2020

4. **Policy Provisions For Which FAD Is Requested**

   Section 1 of the Basic Provisions states:

   **Production report** - A written record showing your annual production and used by us to determine your yield for insurance purposes in accordance with section 3. The report contains yield information for previous years, including planted acreage and production. This report must be supported by written verifiable records from a warehouseman or buyer of the insured crop, by measurement of farm-stored production, or by other records of production approved by us on an individual case basis in accordance with FCIC approved procedures.

   Section 3 of the Basic Provisions states, in part:

   (g) It is your responsibility to accurately report all information that is used to determine your approved yield.
   (1) You must certify to the accuracy of this information on your production report.

5. **Company's Interpretation of the Policy**

   The definition of "Production Report" provides that the company may approve a report only "in accordance with FCIC approved procedures." Thus, to satisfy the requirements of the Basic Provisions and be approved by the company, a Production Report must conform to the Risk Management Agency ("RMA") procedures applicable to Production Reports. Hence, section 1 of the Basic Provisions must be read in the context of other RMA procedures governing Production Reports, including, for example, section 1302 of the Crop Insurance Handbook ("CIH") and the guidelines set forth in the Documents and Supplemental Standards Handbook ("DSSH"), including, but not limited to, sections 302 and 306 and Exhibit 2 of the DSSH. To this end, to be acceptable, a Production Report must include all "Substantive" requirements of the DSSH.

   In this regard, the Preamble to the Basic Provisions incorporates by reference "the procedures (handbooks, manuals, memoranda and bulletins), as issued by FCIC and

published on RMA's website," thereby requiring the Company to apply, and the policyholder to comply with, the procedures set forth in the CIH and DSSH.

The Company's interpretation of section 1 of the Basic Provisions is consistent with the PM-C-21-146 previously issued by FCIC.

Do not hesitate to contact the undersigned counsel if you need additional information. NAU appreciates FCIC's cooperation in this matter.

Respectfully submitted,

Daniel N. Rosenstein
Counsel for NAU Country Insurance Company

cc:    Client
       David A. Burt, Esq.