IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| OSO SWEET FARMS, LLC | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 4:23-cv-00032-RSB-CLR |
| | ) | |
| UNITED STATES DEPARTMENT OF AGRICULTURE, FEDERAL CROP INSURANCE CORPORATION and RISK MANAGEMENT AGENCY, | ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

**PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE TO PLAINTIFF'S BRIEF AS TO THE PLAINTIFF'S ARTICLE III STANDING AND RIPENESS**

COMES NOW, Plaintiff, OSO Sweet Farms, LLC., by and through its undersigned attorneys, and files this Reply to Defendants' Response to Plaintiff's Brief as to the Plaintiff's Article III Standing and Ripeness (EDF Doc 29).

The primary thrust of the Defendants arguments as to the Article III Standing issue are that the Plaintiff cannot demonstrate any "concrete harm" or damages, that the damages are "speculative" and that only the arbitrator will determine the amount of damages to the Plaintiff.

The Defendants use the same or similar arguments as to whether the allegations in the Complaint are ripe for judicial determination.

Regardless of this Court's determinations in this case, the dispute between Plaintiff and the AIP will proceed to arbitration. As explained below (and in its Brief),

the Plaintiff is seeking to assure that the interpretations of policy terms and procedures upon which the arbitrator is bound are correct.

The arguments of Defendants fail to recognize where this case currently stands in the dispute resolution timeline crafted by Defendant FCIC.

The dispute resolution procedures were touched upon in the Plaintiff's Brief as to Standing and Ripeness (ECF Doc 21, Pages 2 and 3), and in Plaintiff's Brief as to Exhaustion of Administrative Remedies as to Count I (ECF Doc 20, Pages 4 through 6). Perhaps a more specific explanation is called for.

The first requirement in resolving disputes between the insured (the producer) and the insurance company (the AIP) is to initiate arbitration. The requirement of arbitration to resolve disputes is not in the Federal Crop Insurance Act but was established by the Defendant FCIC in August of 2004 in its amendments to the Common Crop Insurance Policy contained in 7 C.F.R. §457.8.

Several Courts have held that the Common Crop Insurance Policy involves interstate commerce and is therefore it is subject to the Federal Arbitration Act. *Great Am. Ins. Co. v. Moye,* 733 F. Supp. 2d 1298 (M.D. Fla. 2010); *In re 2000 Sugar Beet Crop Ins. Litig.*, 228 F. Supp.2d 992 (D. Minn. 2002), *Nobles v Rural Cmty. Ins. Services,* 122 F.Supp.2d 1290 (M.D. Ala. 2000); *Bachman Sunny Hill Fruit Farms, Inc. v Producer's Agric. Ins. Co.* F.4th 536 (6th Cir. 2023).

As stated in Plaintiff's Brief, if a party to the arbitration objects to an arbitrator's decision, there are only limited grounds upon which the arbitration award can be appealed, and they are contained in 9 U.S.C. §10 of the Federal

Arbitration Act[1]. *See Campbell's Foliage, Inc. v FCIC, et al*, Case No. 13-11896, (11th Cir. 2014), *cert denied,* 574 U.S. 825, 135 S.Ct. 145, 190 L.Ed.2d 47 (2014)

The practical effect of the foregoing is that once the arbitrator renders his decision, neither party can have the award overturned unless one of the grounds enumerated in 9 U.S.C. §10 are present. Those grounds <u>do not include</u> that the arbitrator misapplied the law or ignored the law.

However, there are other provisions, noted in the Plaintiff's Brief, which make these crop insurance arbitrations unique. As stated in Defendants' Reply (ECF Doc 29, Page 2 and 3), the arbitrator is only a fact finder. He (or she) must apply any of the Defendants' interpretations of policy terms or policy procedures when rendering his or her decision.

Moreover, if the arbitrator, for whatever reason, fails to follow any of FCIC's interpretations, the arbitration award must be vacated. *Bachman Sunny Hill Fruit Farms, Inc., supra* at 543: "And in a timely filed action, a federal court can *vacate* an arbitration award under §10(a)(4) of the FAA when an arbitrator's decision conflicts with the FCIC's views" [Emphasis in original].

---

[1] Those grounds are: (1) the award was procured by corruption, fraud, or undue influence (2) where there was evident partiality or corruption in the arbitrator (3) where the arbitrators are guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or other misbehavior by which the rights of any party have been prejudiced or (4) where the arbitrator exceeded his powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

The point is that if, as alleged by Plaintiff, the four interpretations by RMA are incorrect, illegal and/or improperly applied, these incorrect, illegal and/or improperly applied interpretations <u>must be followed by the arbitrator</u>.  Once the arbitrator's renders his decision,  Plaintiff does not have the ability to challenge any of the FCIC interpretations.  The challenge by the Plaintiff and the determinations by this Court must come <u>before</u> the arbitrator renders his or her decision.

Consequently, it is absolutely crucial that the FCIC interpretations be lawfully adopted, legally correct, and properly applied <u>before</u> the arbitration proceeding commences.

The Complaint filed by the Plaintiff is challenging the adoption and correctness of the four interpretations by FCIC. The Plaintiff must challenge these interpretations at this stage in the dispute resolution process because once the interpretations are given to the arbitrator, the arbitrator is obligated to follow them.

One argument made by the Defendants is that the Plaintiff has not suffered any damages.  This is an interesting argument in light of the National Appeals Division Directors Review Decision that is the subject of Count I.

Attached as Exhibit C to the Joint Motion for Status Conference (ECF Doc 12) is the Jurisdictional Determination by the Hearing Officer of the National Appeals Division related to the Interpretation of Procedure that is the subject of Count I.  As stated by the Hearing Officer: "the Agency's position is that the FCIC Interpretation is not an adverse decision under 7 C.F.R. Part 11 and that it has not made and cannot

make any decision that is adverse to [Plaintiff] in response to a request for an FCIC Interpretation"

The Hearing Officer further stated that "NAD acquires jurisdiction by virtue of an Agency's issuance of an *adverse decision* to a *participant"* [Emphasis in original]

The final determination by the Hearing Officer reads in full: "Seven C.F.R. Part 11 establishes NAD's jurisdiction. NAD does not have jurisdiction over this appeal because [Plaintiff] has not received a decision adverse to its interest as a participant in an Agency program".

Attached as Exhibit A to the Joint Motion for Status Conference is the Director Review Decision dated April 12, 2023, in which the Director reversed the Jurisdictional Determination by the Hearing Officer and remanded the case back to the Hearing Officer. The Director stated "FCIC's Interpretation that a production report must satisfy all conditions listed in the CIH [Crop Insurance Handbook] to be an acceptable production report *would result in an adverse decision to [Plaintiff] if [Plaintiff] cannot meet all the requirements in paragraph 1302 of the CIH"* [Emphasis Added].

The foregoing specifically applies to Count I. However, Plaintiff received determinations of non-appealability as to all other Counts similar to the attached Exhibit A (relating to FAD-306, the subject of Count III) which state that the appealed interpretations do not meet NAD's definition of an adverse decision.

The obvious point to be made here is that the Director determined that the FCIC determination in Count I was adverse to Plaintiff, but Defendants now argue

that all four of the FCIC determinations are not adverse to Plaintiff ("Plaintiff lacks standing because it has not been injured by the four RMA interpretations for which it seeks judicial review" ECF Doc 29, page4).

In its Brief as to Article III Standing and Ripeness, the Plaintiff stated that it was unable to find any case challenging an FCIC determination pursuant to 7 CFR §457.8 where the issues of Article III standing or ripeness has been raised or determined.

For example, there are two cases where a producer challenged a final agency determination in a crop insurance dispute, but the issues of standing or ripeness are not raised, discussed or determined: *Bachman Sunny Hill Fruit Farms, Inc. v Producer's Agric. Ins. Co.* F.4th 536 (6th Cir. 2023) and *Struss v U.S. Dept. of Agriculture,* Case No. 19-2184-JWL (D. Kan. Jun 14, 2019).

However, after further research, Plaintiff found one case challenging a final agency determination in a crop insurance dispute which addressed both standing and ripeness: *Clanton v United States,* Case No. 1:13-cv-01063, (W.D. Ark. February 4, 2015)

In *Clanton*, the insured producers [Plaintiffs] sought an interpretation regarding when acreage is insurable, which resulted in Final Agency Determination FAD-143, issued by FCIC. The Plaintiffs filed an appeal of FAD-143 with the National Appeals Division. The NAD hearing officer upheld the interpretation of RMA, and the Plaintiffs requested a Directors Review. The Director upheld the determination. Subsequently, there was another request for an interpretation as to

the meaning of certain terms, and FCIC issued FAD-164. The Plaintiffs brought an action for judicial review of both FAD-143 and FAD-164 under the Administrative Procedure Act. FCIC argued that the Court had no jurisdiction as to FAD-164 because the producers had not obtained an administratively final determination from the Director of NAD prior to filing the lawsuit.

First, the *Clanton* Court found that "these matters [are] ripe for its consideration".

Second, the *Clanton* Court found that, with respect to FAD-164, it had no jurisdiction because the producers had not obtained an administratively final determination from NAD.

Finally, even though the Defendants [RMA] argued that "Plaintiffs were not harmed by the FAD because it simply interpreted a regulation already in place", the *Clanton* Court made the following finding: "However, the Court finds that the APA grants the federal district court jurisdiction over this kind of dispute. The interpretation of the regulation is an agency action. The agency could have interpreted the regulation differently. However, as the interpretation stands, the Plaintiffs were not able to recover certain insurance monies to which they believe they are entitled. Thus, they are harmed and afforded the review of a federal district court."

The arguments of the Plaintiff stand: Plaintiff has standing to bring these challenges pursuant to the various statutes, that the Plaintiff has a significant interest in assuring that legally adopted and legally correct interpretations be

provided to the arbitrator to follow and will be harmed if the interpretations stand. The Plaintiff has suffered a concrete and particularized "injury in fact" – which is the contractual rights established by the Common Crop Insurance Policy to have disputes with the AIP correctly and properly decided. The interpretations issued by FCIC have caused the injury. If this Court renders a decision determining the validity and correctness of the interpretations, then the contractual rights of the Plaintiff will be protected, and the arbitrator can proceed with the proper interpretations when rendering his decision.

Respectfully Submitted,

**LAW OFFICES OF DANIEL C. JENKINS, LLC**

By:/s/*Daniel C. Jenkins*
Daniel C. Jenkins
daniel@djenkinslaw.com
24 Drayton Street
Suite 24
Savannah, GA 37401
Tel. 912-480-9999
Georgia Bar No. 142345

**HAWKINS, HAWKINS & BURT, LLP**

By:/s/*David A. Burt*
David A. Burt
davidburt@hawkinsandburt.com
501 South Ridgewood Ave.
Daytona Beach, FL 32114
Telephone:    386-252-4499
Florida Bar No. 197955

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 25, 2023, I electronically filed the foregoing document with the Clerk of Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notice of Electronic Filing.

/s/ David A. Burt
DAVID A. BURT
Florida Bar No. 197955

March 30, 2022

XXXXX
XXXXX
XXXXX
XXXXX

XXXXX

RE:   NAD Case No. 2022S000085

Dear XXXXX:

This responds to your March 2, 2022, request that the National Appeals Division (NAD) determine whether you may appeal the Risk Management Agency's (RMA) December 16, 2021, Federal Crop Insurance Corporation (FCIC) Final Agency Determination (FAD) number 306.

In accordance with 7 C.F.R. § 400.766(b)(5), RMA has deemed FAD-306 a matter of general applicability and not appealable to NAD. However, before obtaining a judicial review, an administratively final determination must be obtained from the Director of NAD concerning the issue of whether FAD-306 is a matter of general applicability.

NAD's implementing regulations codified at 7 C.F.R. Part 11 provide the relevant authority for determining whether an agency's decision is appealable to NAD. Pursuant to 7 C.F.R. § 11.6(a)(2), the NAD Director "shall determine whether the decision is adverse to the individual participant and thus appealable or a matter of general applicability and thus not subject to appeal...."[1] There are two components to making an appealability determination. First, the decision must be adverse to the program participant. Second, the decision must be based on an individual application of the program rather than a generalized application. Thus, program participants may not seek NAD review of agency regulations or statutory provisions that establish basic program requirements or eligibility criteria. *See* 7 C.F.R. § 11.3(b) (clarifying that the NAD appeals process may not be used to seek review of statutes or USDA regulations issued under federal law). On the other hand, program participants may seek review of decisions that are based on an individual application of an agency's regulations, policies or specified criteria.

In this case, the first prong of the appealability determination is not met because RMA's FAD-306 does not meet NAD's definition of an adverse decision. NAD's regulations codified at 7 C.F.R. § 11.3(a)(1) make clear that the term "adverse decision" is intended to include administrative decisions made by an agency denying participation in, or receipt of benefits under, an agency program. Since FAD-306 does not directly deny your right to participate in an agency program or receive benefits under an agency program, it does not meet the regulatory definition of an adverse decision.

Regarding the second prong of the appealability determination, in accordance with 7 C.F.R. § 400.766(b)(2), FAD-306 is binding on all participants in the FCIC program for the crop years the policy provisions are in effect. Thus, RMA's FAD-306 is generally applicable to all insureds and not individually applicable to you.

Therefore, in accordance with 7 C.F.R. § 11.6(a)(2), I have made the following final determination:

> FAD-306 issued by RMA on December 16, 2021, is not appealable because it is a matter of general applicability.

This review is not a determination as to any current or future matters in dispute.

You may find further information on NAD's appeal procedures at http://www.nad.usda.gov. If you have any questions about the procedures, you may telephone 1-800-552-5377.

Sincerely,

/S/
Jennifer K.M. Nicholson
Deputy Director


EXHIBIT A