UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| OSO SWEET FARMS, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| UNITED STATES DEPARTMENT | )   CV423-032 |
| OF AGRICULTURE, FEDERAL | ) |
| CROP INSURANCE | ) |
| CORPORATION, and RISK | ) |
| MANAGEMENT AGENCY, | ) |
| | ) |
| Defendants. | ) |

# ORDER

Plaintiff OSO Sweet Farms, LLC ("OSO Sweet") filed this lawsuit seeking judicial review of decisions made by the United States Department of Agriculture ("USDA") through the Federal Crop Insurance Corporation ("FCIC") and the related Risk Management Agency ("RMA") (collectively the "Federal Defendants"). *See generally* doc. 1. After the parties raised potential threshold jurisdictional issues, *see* doc. 12, the Court ordered the parties to brief two issues: "(1) whether Plaintiff exhausted its administrative remedies as to Count 1, and (2) Plaintiff's Article III standing to assert Counts 1-4, and the ripeness of

Counts 1-4." *See* doc. 16 at 1.  The parties have complied.  *See* docs. 20, 21, 28, 29, 31 & 32.  Those issues remain pending before the Court.  However, two additional issues have come up that require more immediate attention.

First, the parties brought to the Court's attention a disagreement as to whether discovery is appropriate in this case.  *See* doc. 33.[1]  Plaintiff believes it is, and therefore has served its First Request to Produce on Defendants FCIC and RMA.  Defendants believe it is not, and therefore have not responded.  Although Plaintiff has now satisfied the Court's condition precedent to filing a Motion to Compel by attending the status conference, *see* doc. 35, the Court will defer consideration of any discovery motions until after the threshold jurisdictional issues are resolved.  Therefore, as discussed with the parties during the conference, the Court *sua sponte* **STAYS** all discovery deadlines in this case pending its resolution of the jurisdictional issues.  *See* docs. 20, 21, 28, 29, 31, & 32; *see also, e.g.*, *Clinton v. Jones*, 520 U.S. 681, 706 (1997) (discussing the Court's "broad discretion to stay proceedings as an incident to its power

---

[1] The parties' submission seeks an informal conference.  *See* doc. 33.  The Court held a status conference on December 20, 2023.  *See* doc. 35.  The Clerk is, therefore, directed to **TERMINATE** the pending motion.  Doc. 33.

to control its own docket."). If any portion of this case remains pending after the Court's resolution of those issues, Plaintiff will be permitted to file a Motion to Compel responses to its outstanding discovery requests. The Court will provide further instructions, as appropriate, in a subsequent Order.

Second, Plaintiff has submitted into the record a letter from its non-party insurance company dated August 17, 2023, regarding a denial of reinsurance on the insurance policy at issue in this case based on RMA's review of Plaintiff's "2020 Production Report." *See* doc. 31 at 9. Plaintiff argues the RMA's decision underlying the letter "is the precise issue" involved in at least some of its allegations in this lawsuit. *See id.* at 5. The Federal Defendants did not submit any briefing in response. *See generally* docket. The Plaintiff's submission of the letter has called into question the status of the parties' dispute. Therefore, the Court will direct additional briefing. No later than January 22, 2024, the Federal Defendants are **DIRECTED** to submit a brief summarizing their position on how, if at all, the information contained in the August 17, 2023 letter impacts the justiciability of the claims raised in the Plaintiff's Complaint. Plaintiff is **DIRECTED** to submit its response brief within

30 days of the Federal Defendants' filing their brief. Replies shall be governed by the Local Rules. *See* S.D. Ga. L. Civ. R. 7.6.

**SO ORDERED**, this 22nd day of December, 2023.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA