IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| OSO SWEET FARMS, LLC,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES DEPARTMENT OF AGRICULTURE, FEDERAL CROP INSURANCE CORPORATION, and RISK MANAGEMENT AGENCY,<br><br>    Defendants. | CIVIL ACTION NO.: 4:23-cv-32 |

**O R D E R**

After a careful de novo review of the entire record, the Court concurs with the Magistrate Judge's June 24, 2024, Report and Recommendation, (doc. 45), to which plaintiff objected, (doc. 48). For the reasons stated below, Plaintiff's Objection is **OVERRULED**. (Doc. 48.)

Plaintiff filed this lawsuit seeking judicial review of four decisions from the Federal Crop Insurance Corporation ("FCIC"), a United States Department of Agriculture ("USDA") agency. (Doc. 1.) After the parties raised several threshold jurisdictional issues, the Magistrate Judge directed the parties to brief: (1) whether Plaintiff exhausted its administrative remedies as to Count 1 of its Complaint; (2) whether Plaintiff has Article III standing to assert Counts 1-4 of its Complaint; and (3) whether Counts 1-4 of Plaintiff's Complaint are ripe. (Doc. 16.) The parties complied. (Docs. 20, 21, 28, 29, 31, & 32.) After reviewing the parties' submissions, the Magistrate Judge determined that Plaintiff does not have standing to bring any of its claims and

that the claims are not yet ripe. (Doc. 45, pp. 7-16.) Therefore, the Magistrate Judge recommends that Plaintiff's Complaint be dismissed. (Id., p. 16.)

The Report and Recommendation gives a brief overview of the FCIC, created by Congress to carry out the Federal Crop Insurance Act's intended purpose of providing "a sound system of crop insurance." (Doc. 45, p. 2.) The FCIC "both directly insures producers of agricultural commodities grown in the United States and provides reinsurance for private companies which insure such producers." (Id., p. 3.) A "Common Crop Insurance Policy," or "CCIP," is used by insurers who are reinsured by the FCIC. (Id.) Plaintiff, a Vidalia onion farming business, obtained an FCIC-reinsured CCIP through a third-party private insurance company to cover its onion crops. (Id.) After the private insurance company determined that no indemnity was due for a crop loss, Plaintiff demanded arbitration under the provisions of the operative CCIP. (Id., p. 4.) Before the arbitration commenced, Plaintiff and its insurer submitted requests to the FCIC, through the Risk Management Agency ("RMA"), for interpretations of certain policy provisions. (Id.)

Plaintiff objects to the Magistrate Judge's conclusions "because the Magistrate Judge failed to consider the effect of an arbitrator's decision in the context of an arbitration that is conducted under Paragraph 20 of the CCIP." (Doc. 48, p. 3.) Plaintiff's objection explains the history of the arbitration requirement contained within Paragraph 20 of the CCIP. (Id., pp. 3-6.) According to Plaintiff, despite commentary from the FCIC that it intended for insureds to have a right to appeal an arbitrator's denial of a claim, courts that have interpreted Paragraph 20 have "determined that neither an insured nor insurance company can seek judicial review of an arbitrator's decision except to vacate the award on the limited statutory grounds specified in 9 U.S.C. § 10(a) of the Federal Arbitration Act." (Id., pp. 5-6 (citing Campbell's Foliage, Inc. v. FCIC, 562 F. App'x

2

828 (11th Cir. 2014) and <u>Wannamaker Nursery, Inc. v. John Deere Risk Protection, Inc.</u>, 364 F. Supp. 3d 839 (E.D. Tenn. 2019).)   Therefore, Plaintiff argues that if this case is dismissed without the Court opining on the "validity and correctness of the policy and procedure interpretations that are being challenged," the Plaintiff must proceed to arbitration where those allegedly incorrect interpretations will be applied, which means "Plaintiff will likely not recover any indemnity, and . . . will have no recourse to make the arguments being made here challenging the policy and procedure interpretations to have the arbitration set aside."   (<u>Id.</u>, pp. 7-8.)   Because of this potential scenario, Plaintiff objects to the Magistrate Judge's determination that it has not carried its burden of demonstrating an injury-in-fact, which is necessary for it to establish standing before this Court.   (<u>See</u> doc. 48, pp. 8-13; <u>see also</u> doc. 45, p. 14.)   Plaintiff similarly objects to the Magistrate Judge's determination that it has not carried its burden of demonstrating that its claims are ripe.   (<u>See</u> doc. 48, pp 14; doc. 45, pp. 14-16.)

Plaintiff's objection reiterates the fundamental issue with its claims that the Magistrate Judge identified; the potential injury remains speculative.   Plaintiff emphatically argues that requiring it to proceed to arbitration, where the arbitrator will apply interpretations which it contends are "wrong, incomplete, and adverse," will result in "a *likely* flawed and incorrect arbitrator's decision which cannot be challenged."   (Doc. 48, p. 10.)   The recognition that the arbitrator's decision is not yet rendered, and therefore Plaintiff cannot state with certainty that it will be flawed, reveals the underlying jurisdictional issue with Plaintiff's claims.   As the Magistrate Judge recognized, "Plaintiff does not yet know whether it will be able to recover indemnification under the insurance policy, because the arbitration has not yet commenced, and the arbitrator has not yet determined whether the facts, which have not yet been applied to the interpretation from the agency, support an insurance payout, or not."   (Doc. 45, pp. 12-13.)   The

3

Plaintiff's argument that a flawed decision is "likely" is insufficient to carry its burden of showing an injury that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical." Support Working Animals, Inc. v. Governor of Fla., 8 F.4th 1198, 1201 (11th Cir. 2021) (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992)).

Plaintiff also focuses, again, on the procedural posture of this case, arguing it is "practically impossible" to vacate an arbitrator's decision in a crop insurance dispute, and the courts will not accept any arguments outside the limited grounds for vacatur in 9 U.S.C. § 10(a)." (Doc. 48, pp. 11-12.) However, Plaintiff also acknowledges that the Magistrate Judge identified a case with "a factual situation somewhat similar to the facts here," where the insured demanded arbitration under Section 20, the parties submitted an issue to the FCIC for interpretation and received an interpretation favorable to the insurer, and they proceeded to arbitration. After the arbitrator ruled in favor of the insurer, the insured filed a Complaint in the United States District Court for the Eastern District of North Carolina. The District Court bifurcated the proceedings, resolved the insured's challenge to the Agency's interpretation, and then considered the insured's request to vacate the arbitration award. (Id., p. 12 (citing Harrell & Owens Farm v. Fed. Crop Ins. Corp., No. 4:09-cv-217-FL, 2011 WL 1100265 (E.D.N.C. Mar. 23, 2011).) Although Plaintiff agrees the Harrell & Owens Farm case is factually similar to its case, it attempts to distinguish the two cases based on the nature of its challenges to the FCIC's interpretations. (Id., pp. 12-13.) Those attempts are not persuasive. The Harrell & Owens Farm case, therefore, demonstrates that the Plaintiff's ability to seek review of the FCIC's interpretations is not foreclosed after the arbitrator renders a final decision.

Plaintiff finally asks the Court to consider its arguments now, instead of later, because of the inefficiencies associated with proceeding to an arbitration based on arguably invalid

4

interpretations of policy.  (Doc. 48, p. 13.)  This Court's jurisdiction cannot be established based on the most efficient course; instead, the Court is bound by the Constitution to only "hear and decide certain classes of 'cases' and 'controversies.'"  Am. All. For Equal Rights v. Fearless Fund Mgmt., LLC, 103 F.4th 765, 771 (11th Cir. 2024) (quoting U.S. Cont. art. III, § 2) (alterations omitted).  Plaintiff has not borne its burden of demonstrating standing, and, for similar reasons, has not borne its burden of demonstrating that its claim is ripe for judicial review.

For the foregoing reasons, the Court **ADOPTS** the Report and Recommendation as its opinion.  (Doc. 45.)  Plaintiff's Complaint is **DISMISSED**, (doc. 1), because the Court does not currently have jurisdiction over the parties' dispute.  The Clerk of Court is **DIRECTED** to **CLOSE** this case.

**SO ORDERED**, this 30th day of December, 2024.

_____
R. STAN BAKER, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA